

FILED'11 APR 21 16:03USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR'11 - 165. HA |
| v. | INFORMATION |
| | 18 U.S.C. § 2 |
| ADAM PERKINS, | 18 U.S.C. § 1343 |
| Defendant. | |

### THE UNITED STATES ATTORNEY CHARGES:

### COUNTS 1 AND 2
### (WIRE FRAUD - 18 U.S.C. §§ 1343, 2)

At all times material to this Information:

1.      Crown Point Enterprises dba Lighthouse Financial Group (Lighthouse) was a mortgage brokerage service based principally in Vancouver, Washington with operations in the District of Oregon and elsewhere.  Lighthouse brokered various types of financing to potential home buyers who lived in the Portland, Oregon metro area and Southwest Washington.  Cash Money Brothers Financial Group, Inc. (CMB) was a Washington corporation and owned and operated by Lighthouse loan officers and others who worked principally for and were affiliated with Lighthouse.

2.      Joel Rosabal (Rosabal), worked for Lighthouse in the District of Oregon and elsewhere.  Rosabal was a principal of CMB.

3.      Chadwick Amsden (Amsden), was a real estate loan officer licensed in the state of Oregon.  Amsden worked for Lighthouse in the District of Oregon and elsewhere. Amsden was a principal of CMB.

4.      **ADAM PERKINS (PERKINS)**, was a resident of the District of Oregon and engaged Lighthouse through Rosabal, Amsden and others to purchase real property within the District of Oregon.

4.      First Franklin Corporation, Decision One Mortgage and others were at all material times engaged in the business of mortgage lending (collectively "Lending Institutions").

5.      On or before April 2006 through at least January 2007, in the District of Oregon and elsewhere, defendant **PERKINS**, Rosabal and Amsden, devised and intended to devise a material scheme and artifice to defraud and to obtain money and property from the Lending Institutions by means of false and fraudulent pretenses, representations and promises, all in violation of Title 18, United States Code, Section 1343.

## THE SCHEME TO DEFRAUD

6.      The scheme to defraud induced lending institutions to lend funds for the purchase of residential properties at an inflated price through the use of materially false representations and omissions, and in doing so, to fraudulently obtain a portion of those funds.

7.      It was part of the scheme that on or about August 1, 2006 and continuing through at least August 30, 2006, **PERKINS,** Rosabal and Amsden,  submitted or caused to be submitted to First Franklin Financial Corp., a lending institution, a loan application and related documents

Page-2        **U.S. V. PERKINS, INFORMATION**

on behalf of **PERKINS** and related documents for the purchase of residential property located at 15057 SE Bradford, Clackamas, Oregon (the "Bradford Property"), from Rosabal for a price of $463,500, which were materially false in the following respects:

    a.    The loan application and related documents falsely stated that the borrower, **PERKINS**, had a monthly employment income of $27,000 when in fact **PERKINS,** Rosabal and Amsden knew that **PERKINS** only had a monthly income of $5,000;

    b.    The loan application and related documents falsely stated that **PERKINS** intended to purchase the Bradford Property as his primary residence when in fact, **PERKINS,** Rosabal and Amsden knew that was not true;

    c.    The loan application and related documents failed to disclose that the sales price was inflated in a material respect and that the seller or his designee would be transmitting either directly or indirectly to **PERKINS**, $30,000 as a kickback from the sales price;

    d.    The loan application and related documents failed to disclose that **PERKINS** owned six (6) other real properties, worth more than $3.7 million, which **PERKINS** had purchased by obtaining financing through Rosabal and Amsden within the previous two (2) months; and

    e.    The loan application and related documents falsely claimed that **PERKINS** received $1,550 per month in rental income on residential property he owned at 17660 NE Davis in Portland, Oregon ("NE Davis

Property") when in fact, **PERKINS** received $700 per month in rental income on the NE Davis Property.

8.    It was part of the scheme that on or about May 8, 2006 and continuing through at least June 20, 2006, **PERKINS**, Rosabal and Amsden, submitted or caused to be submitted to Decision One Mortgage, a lending institution, a loan application and related documents for the purchase of a residential property located at 11249 SE Rolling Hills Lane, Portland, Oregon ("the Rolling Hills Property"), for a price of $675,000, which were materially false in the following respects:

a.    The loan application and related documents falsely stated that the borrower, **PERKINS,** had a monthly employment income of $29,371 when in fact, **PERKINS,** Rosabal and Amsden knew that **PERKINS** only had a monthly income of $5,000;

b.    The loan application and related documents falsely claimed that **PERKINS** received $2,820 per month in rental income from residential property he owned at 14441 NE Morris Ct in Portland, Oregon ("NE Morris Property") and $1,715 per month from residential property he owned at 17660 NE Davis, Portland, Oregon ("NE Davis Property") when in fact, **PERKINS** did not receive any rental income from the NE Morris Property and received $700 per month in rental income on the NE Davis Property;

c.    The sales addendum, settlement statements and related documents stated that $69,091.53 in loan proceeds was to be distributed to Crown Plumbing

Page-4    **U.S. v. PERKINS,** INFORMATION

for repairs, when in fact, Crown Plumbing did not perform repairs and instead transferred $65,000 to **PERKINS** after closing of the Rolling Hills Property;

d. The loan application and related documents failed to disclose that the sales price was inflated in a material respect so that Crown Plumbing could transmit either directly or indirectly to **PERKINS** $65,000 as a kickback from the sales price.

9. On or about the dates listed below, in the District of Oregon and elsewhere, defendant **PERKINS**, and Rosabal, Amsden and others, aided and abetted by each other, for the purpose of executing the aforementioned material scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce by means of wire communications, signals, and sounds, that is, wire transfers of money across state lines, as set forth below, each such use of the wire being a separate count of this Information:

| Count | Date | Interstate Wire | Property Associated With Wire |
|-------|------|-----------------|-------------------------------|
| 1 | 8/30/2006 | $375,287.32 - Wire transfer from First Franklin in Indianapolis, Indiana to Stewart Title (US Bank), Clackamas, Oregon | The Bradford Property |
| 2 | 6/20/2006 | $543,172.90 - Wire Transfer from Decision One Bank, Charlotte, North Carolina to Ticor Title (US Bank), Portland, Oregon | The Rolling Hills Property |

Page-5        **U.S. V. PERKINS, INFORMATION**

All in violation of Title 18, United States Code, Sections 1343 and 2.

DATED this 20th day of April, 2011.

DWIGHT C. HOLTON
United States Attorney

MICHELLE HOLMAN KERIN, OSB#965278
Assistant United States Attorney

**U.S. v. PERKINS, INFORMATION**